Escobar, Plaintiff and Appellant, *v.* Gámbaro et al., Defendants and Respondents.

Appeal from the District Court of San Juan, Section 2, in an Action to Set Aside a Judgment and for an Injunction.

No. 1181.—Decided June 7, 1915.

Appeal—Transcript of Record—Documents in Another Action—Statement of Case.—A transcript of documents in another action cannot be considered on appeal unless it is included in the statement of the case or statement of facts approved by the lower court and made a part of the record.

Judicial Notice—Pleading—Judgment on Pleadings.—For the purpose of deciding the issues on the merits of the pleadings, the court cannot take judicial notice of any fact not pleaded.

Id.—Pleading.—Judicial notice serves to eliminate the necessity of proving alleged facts which, according to law, the court may and should know; hence

it is not exercised when questions are decided, not upon the evidence, but upon the merits of the facts set up in the pleadings on the ground that they are true because they have not been contradicted.

INJUNCTION—QUESTIONS OF LAW.—In passing upon petitions for preliminary injunctions care must be taken not to anticipate the decisions of questions of law involved in the suit.

JUDGMENT—PRESUMPTION.—The presumption is that a judgment was rendered with jurisdiction over the litigants and over the property in litigation after due process of law unless the contrary clearly appears on its face or is proven.

INJUNCTION—JUDGMENT—CARELESSNESS—ABANDONMENT.—A petition for an injunction based on the invalidity of a judgment should be examined carefully and the grounds on which the injunction may be granted are somewhat re-stricted. It is not sufficient that the judgment may be unjust, but it must appear also that it was not the result of abandonment or carelessness on the part of the person injured, who must be shown clearly to have been diligent in the protection of his rights in order to be entitled to an injunction. It is also necessary to show that all the remedies allowed by law have been availed of to prevent the execution of the judgment, such as appeal, new trial and moving the court which rendered the judgment to set it aside.

ID.—EX DEBITO JUSTITIÆ—DISCRETION OF COURT.—The granting of a preliminary injunction is not *ex debito justitiæ,* but lies in the sound discretion of the court governed by the circumstances in each case; therefore, unless it is shown that the trial judge abused his discretional power, his decision will not be reversed on appeal.

The facts are stated in the opinion.

*Mr. T. D. Mott, Jr.,* for the appellant.

*Mr. Herminio Díaz Navarro* for the respondents.

MR. JUSTICE ALDREY delivered the opinion of the court.

Juan de Mata Escobar filed a complaint in Section 1 of the District Court of San Juan and on the same day it was transferred to Section 2. The complaint was against Carlos Gámbaro Mojica, Ramona Gámbaro Escobar, Agustina Casado and Ramón Martínez as marshal, and alleged that on November 8, 1913, the District Court of San Juan, Section 1, rendered judgment in an action of ejectment, etc., brought against him by Carlos Gámbaro Mojica and Ramona Gámbaro Escobar in the following terms:

"On November 3, 1913, this case was called for trial and only the plaintiff, represented by Attorney Herminio Díaz Navarro, appeared and announced that he was ready to proceed. Thereupon the said plaintiff read his pleadings, introduced his evidence and examined it in proper form, and in order to make the complaint conform

to the evidence introduced and to the admissions made of matters in the answer, asked and obtained leave to amend the complaint.

"Taking into consideration the allegations thereof and basing its decision upon the previous findings, the court now adjudges that the law and the facts are in favor of the plaintiffs and against the defendant and therefore decrees that the rural property described in the eighth allegation of the complaint as finally amended, belongs to the respective inheritances of Juan de Mata Escobar, Florentina Escobar and Carlos Gámbaro Escobar, and that consequently the present possessor, defendant Juan or Juan de Mata Escobar, must surrender possession to the executor named by Juan de Mata Escobar so that the said executor may proceed, by agreement with the constituted or judicially designated heirs, to liquidate, partition and allot the estates of Juan de Mata Escobar, Florentina Escobar and Carlos Gámbaro according to law.

"The costs, expenses and fees of the attorney for the plaintiff are taxed against the defendants.

"The secretary will enter this judgment and issue the proper writ of execution.

"Done in open court this eighth day of November, 1913, and entered this eighth day of the same month and year. (Signed) Félix Córdova Dávila, Judge of the District Court, Section 1. Attest: C. Marrero, Secretary of the District Court."

That the said judgment is null and void because it embraces matter foreign to the issue in that it orders the delivery of the property described in the eighth allegation of the complaint as "finally amended," which property consists of 369 *cuerdas* of land, whereas in the third allegation of the said complaint the property claimed is alleged to consist of two parcels aggregating 266.33 *cuerdas* which Juan de Mata Escobar contributed to the conjugal partnership, and this property joined to the property contributed by the wife, Agustina Casado, constitutes a single property of 395 *cuerdas*, which is described as a whole. The two properties which are the subject-matter of this litigation are not described in any other manner in the pleadings, in the evidence or in the findings of the court, therefore it cannot be determined what part of the property of 395 *cuerdas* is made up of the 266.33

*cuerdas*; that in clause seven of the said "complaint as finally amended" it is alleged that a portion of the whole property was sold, and in the eighth that by reason of this sale and segregation the property in controversy was reduced, and it is described according to a plan identified and offered in evidence as a property of 369 *cuerdas,* which description refers to the entire property of 395 *cuerdas,* less the piece of land sold, and not to the two portions which together make up the 266.33 *cuerdas* in controversy, for, according to the complaint, these are the only properties which Juan de Mata Escobar left when he died, therefore the judgment includes the portion contributed by Agustina Casado which was not in litigation; that for the same reasons the judgment decides questions which were not raised and is not in harmony with nor sustained by the pleadings; that, moreover, neither the pleadings nor the evidence raise any legal issue, because no description is given of the two parcels of land left by Juan de Mata Escobar in order that they may be identified, and that the judgment cannot be executed because it orders that the property be delivered to the executrix, Agustina Casado, who was named as such by Juan de Mata Escobar but who by operation of law had ceased to be such many years before the said judgment was rendered.

The complaint also alleges that the defendants are endeavoring to execute the said judgment and that this would deprive the plaintiff of the possession of the property and cause him grave and irreparable damages, because, according to his information and belief, none of the defendants except Martínez has any property with which to answer for the damages which he will suffer if the execution of the judgment is carried out; that there is a matured mortgage on the property and if the defendants proceed to execute the judgment the mortgagee will institute proceedings to recover the amount due him, which will result to the prejudice of the plaintiff, for he has no funds now with which to pay the said debt and would be unable to obtain the same with the property in liti-

gation, therefore he would lose the property and it is worth much more than the sum secured by the mortgage.

With the foregoing allegations the complaint concludes with the prayer that the said judgment be set aside and that pending the decision of the questions raised therein, a writ of injunction be granted enjoining the defendants from doing any act to execute the judgment and Agustina Casado from entering into possession of the property. The complaint is verified.

A day having been set by the court for the defendants to appear and show cause why the injunction should not issue, they contended that the injunction should not be granted because the court lacked jurisdiction therefor; that even if it had jurisdiction the complaint did not state facts sufficient to constitute a cause of action, and that the plaintiff was guilty of negligence. Some days later they filed a demurrer to the complaint.

On June 30, 1914, the court made an order, which was entered in the judgment record on the same day, denying the petition for a writ of injunction, from which order plaintiff Juan de Mata Escobar appealed to this court.

This is all that appears in the transcript of the record for the appeal and it does not contain a statement of the facts approved by the court. However, there was presented with the transcript another document also called a transcript of the record in which the secretary of the lower court certified to the pleadings and some documents in another action brought by Carlos Gámbaro Mojica and Ramona Gámbaro Escobar against Juan de Mata Escobar for the recovery of property and for other purposes. We cannot consider this document because it is not the transcript of the record in which the order appealed from was made. If the facts therein certified to were brought out in the evidence at the hearing on the injunction, they should have been submitted to this court in a statement of facts approved by the lower court and included in the transcript of the record, and if

they were not brought out in the evidence we cannot con-
sider them as a basis for our decision, even taking into ac-
count that the lower court in rendering its decision took judi-
cial notice of the said suit, as appears to be the case from the
grounds of the order appealed from, because in the present
case it had to decide the controversy upon the merits of the
allegations contained in the petition for injunction and was
not empowered to take judicial notice of any fact not alleged
therein. *Lowande* v. *García,* 13 P. R. R., 263. Judicial no-
tice serves to eliminate the necessity of proving alleged facts
which, according to law, the court may and should know,
hence it is not exercised when questions are not decided upon
the evidence, but upon the merits of the facts set up in the
pleadings on the ground that they are true because they have
not been contradicted.

For these reasons we shall consider only the true tran-
script of the record in this appeal and base our decision
thereon.

It will be seen from the foregoing that whatever may
have been the grounds on which the court made the order
from which this appeal is taken, what it decided was that the
writ of injunction applied for *pendente lite* should not be
granted, therefore what we have to decide is whether that
ruling should be affirmed or reversed.

Although the appellant wishes us to decide in this appeal
whether the complaint praying that the judgment be set aside
stated facts sufficient to constitute a cause of action and de-
votes nearly his whole brief to a discussion of that question,
basing his argument upon the ground that one of the reasons
of the court for rendering the decision appealed from was
that the judgment is not void on its face because a review of
the case in which it was rendered, of which the court took
judicial notice, shows perfect harmony between the prayer
of the plaintiff and the denial of the defendant, we shall not
consider that question because it is not at issue in this case,
the question here being only whether or not the order refus-

ing to grant the preliminary injunction applied for by the plaintiff should be affirmed; for, in passing upon petitions for preliminary injunctions care must be taken not to anticipate the decision of questions of law involved in the suit, and we must not give an opening for it to be said subsequently that we have decided questions which were not in controversy. Therefore, we shall consider only the single question arising from the order appealed from.

From the foregoing recital it may be seen that it is not alleged that the court which rendered the judgment lacked jurisdiction either over the parties or over the property in litigation, but that it is sought to have the judgment set aside because it ordered the delivery of more property than was claimed; because the property claimed was not described, and because it is impossible to deliver the property to the person designated, in the capacity in which she is to receive the same, for the reason that by operation of law she no longer has the capacity of executrix attributed to her, and that as a temporary measure a writ of injunction is prayed for to stay the execution of the judgment until it be decided whether the same is void.

The presumption is that judgments are rendered with jurisdiction over the litigants and over the property in litigation after due process of law unless the contrary clearly appears on their face or is proven, and in view of such presumption the courts should proceed with great caution in granting an injunction to stay the execution of a judgment. A petition for a remedy of this character should be carefully examined and the grounds on which it may be granted are somewhat restricted. It is not sufficient that the judgment may be unjust, but it must appear also that it was not the result of abandonment or carelessness on the part of the person injured, who must be shown clearly to have been diligent in the protection of his rights before he can be entitled to an injunction. And as this remedy, because of its extraordinary character, is not usually granted when a remedy exists

at law, it is also necessary to allege that all the remedies, allowed by law have been availed of to prevent the execution of judgment, and in the present case the petitioner had the right of appeal, of a new trial and of moving the court which rendered the judgment to set it aside. *Estate of Iglesias v. Bolívar*, 11 P. R. R., 571; High on Injunctions, sections 113, 114, 165, 166, 169, 170, 173, 175, 228, 230 and 231; 23 Cyc., 980–981.

Nothing of this is shown in the petition for the injunction and the failure to allege these facts is sufficient ground for denying the petition.

Moreover, the granting of a preliminary injunction is not *ex debito justitiæ* but lies in the sound discretion of the court, governed by the circumstances in each case, therefore unless it is shown that the trial judge abused his discretional power, which he has not done in the present case, his decision will not be reversed by the appellate court. *Morfi v. Fajardo Development Co.*, 17 P. R. R., 766; *Abella v. Fernández*, 17 P. R. R., 1024; *García v. Torres*, 20 P. R. R., 157; *León v. Colón*, 21 P. R. R., 259.

For the foregoing reasons the decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.